**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| BRADLEY SCHNEIDER | CIVIL ACTION NO. 5:26-0375 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SAMANTHA GWIN, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge (Record Document 18). The R&R recommends that the Motion to Dismiss (Record Document 7) filed by Defendants Amanda Gill, Samantha Gwin, and the City of Shreveport (collectively, "Defendants") be granted in part and denied in part. See Record Document 18 at 1, 16. The Court hereby adopts the R&R as to Magistrate Judge McClusky's recommendation to grant the motion in relation to Plaintiff Bradley Schneider's ("Schneider") Section 1983 claims. His Section 1983 claims are untimely and, alternatively, he has failed to allege facts that would support a plausible claim of excessive force or of Monell liability under Section 1983. Accordingly, for the reasons stated in the R&R, such claims are **DISMISSED WITH PREJUDICE**.

Conversely, the Court declines to adopt the R&R as to Schneider's state law claims of aggravated battery, in violation of La. R.S. 14:34, and negligence, in violation of La. Civ. Code arts. 2315 and 2320. Magistrate Judge McClusky, noting that all claims which conferred original jurisdiction were dismissed, recommended the Court decline to exercise supplemental jurisdiction over the remaining state law claims. See Record Document 18 at 15. She specifically noted that "the state court has already considered an exception challenging Schneider's aggravated battery claim and found that it survived that challenge." Id.

This Court finds that Schneider's state law claim of aggravated battery, in violation of La. R.S. 14:34, does not survive Rule 12(b)(6) scrutiny. Title 14 is known as the Louisiana Criminal Code and it is well settled that the provisions in Title 14 do not create civil causes of action. See La. R.S. § 14:6; see also Pierre v. Allstate Ins. Co., 257 La. 471, 242 So.2d 821, 830 (La. 1970) (on rehearing) ("Criminal statutes do not set forth the Civil rule…"). Thus, Schneider's aggravated battery claim under La. R.S. 14:34 fails to state a civil claim.

Additionally, in the factual context of this case, Schneider's state law claims of battery and negligence must be analyzed as claims of excessive force under La. C.C. art. 2315. In Rogers v. Jefferson Parish Sheriff's Office, No. 18-11164, 2022 WL 124028, *1 (E.D.La. Jan. 13, 2022), the court explained that "under Louisiana law, the torts of assault and battery, when raised against a law enforcement officer acting in the course of employment, requires a showing that the law enforcement officer acted with unreasonable or excessive force." Id. at *7. Louisiana state law excessive force cases fall into the negligence category and a duty-risk analysis must be employed. See Hall v. City of Shreveport, 45,205-CA (La.App. 2 Cir. 4/28/10), 36 So.3d 419, 422. The reasonableness test in such cases "is based upon the Fourth Amendment to the United States Constitution." Id. at 423.

Here, this Court has adopted Magistrate Judge McClusky's finding that (1) Schneider failed to allege facts that would support a plausible claim of excessive force and (2) the officers are entitled to qualified immunity because Schneider has not alleged a violation of a constitutional right which was clearly established. See Record Document 18 at 9, 13. Because there is no excessive force under the Fourth Amendment, any state law excessive force claim must be dismissed for the same reasons. See Deville v. Marcantel, 567 F.3d 156, 172 (5th Cir. 2009) ("Louisiana's excessive force tort mirrors its

federal constitutional counterpart."); Escort v. Miles, No. 6:17-CV-00484, 2018 WL 3580656, at *8 (W.D. La. July 25, 2018) ("Under Louisiana law, the same standard is used in analyzing a state law claim of excessive force as a federal constitutional claim—reasonableness under the circumstances."). Thus, any state law excessive force and/or battery claim fails for the same reasons as Schneider's federal excessive force claim. Schneider's state law negligence claim also fails because this Court has found the officers are entitled to qualified immunity. See Roten v. City of Minden, No. 16-CV-0381, 2017 WL 1398655, at *8 (W.D. La. Apr. 18, 2017) ("The focus of the qualified immunity inquiry is reasonableness. By finding the actions of Engi and Young to be reasonable under the qualified immunity analysis, Roten's state law negligence claims are undermined."). Based on the foregoing, the Court finds that Defendants' Motion to Dismiss (Record Document 7) shall be **GRANTED** as to all federal and state law claims.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 23rd day of September, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE